MOSE GENUSA v. THE STATE.

No. 19794.   Delivered June 8, 1938.

The opinion states the case.

*D. F. Sanders,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was convicted of robbery by assault, and his punishment fixed at confinement in the State Penitentiary for five years.

There are no bills of exceptions in the record, and the only matter called to our attention for a review is the sufficiency of the evidence.

Iver Le Douex was a seaman, and when in Port Arthur on the date of the alleged offense appeared to have some money in his pocket, and also was imbibing some stimulants. Appellant and a male companion were assisting him in thus imbibing. Katherine Smith, a waitress at one of the places visited by Le Douex, was approached by appellant and his companion, and appellant, speaking of Le Douex, told Katherine: "You take him out the back and I will knock him in the head, and give you half of his money." She replied: "I am going to take him up to the room and put him to bed." She did so, and when they reached the room Le Douex gave her $10.00 for his date with her, and, upon her request, also gave her $5.00 for the purpose of purchasing some gin for their use at the room. When Katherine went down from her room she saw appellant and his same friend sitting on the front porch of her rooming house, which was about two blocks away from where she worked, and where the earlier drinking and dancing had taken place, and she asked appellant's companion to go get the gin. While he was gone she went back upstairs to Mr. Le Douex, and remained with him about fifteen minutes, at which time she came back downstairs, and appellant and this same companion had returned with the gin and were drinking it. She possessed herself of the remainder of the gin and took it back upstairs to Le Douex. She then came back downstairs, and appellant's companion asked her if Le Douex was drinking the gin. Appellant was not close enough at that time to hear this latter conversation. The witness then left the rooming house and went back to her place of employment, leaving appellant sitting downstairs at the rooming house, and she had no further dealings with any of these parties.

The injured party, Le Douex, testified as to the drinking and dancing at the different places in Port Arthur, to buying appellant and his companion, Frank Harrington, several drinks, and to his meeting the girl Katherine Smith and making a date with her, and to giving her the ten dollars; to appellant and Harrington being with him when he thus spent his money; that after he went with the woman to her room she wanted some beer, and he gave her the money therefor; she left and was gone quite awhile; Le Douex started after her, and when he

opened the door to the room, his testimony reads:

"Yes sir, this boy [evidently appellant] jumped in the door and hit me as soon as I opened it. He hit me right here (indicating). When he hit me it knocked me out. * * * I saw another man there with this boy at the time he hit me. When I opened the door I saw both of them; they were both right there together at the door when I opened it. The man that was there with this boy at the time when he hit me, was the same man that was with him at the beer parlor. * * * When I woke up at the hospital I did not have my money. I had my pocket book on me but my money was all gone. * * * I did not give this boy or anyone else my consent to take that money, and I was not willing for him nor anyone else to take it. * * * When they hit me they knocked me out."

Mr. Pozo, a peace officer, testified that he went down to the rooming house and found Le Douex lying on the bed with his head swollen, with foam coming out of his mouth, and he could not speak. He searched him and found his pockets turned inside out; there was no money in his pocket-book.

There are no objections to the court's charge. This is a companion case to Cause No. 19705, Frank Harrington v. State, opinion delivered May 11, 1938. [Page 243 of this volume.]

We are of the opinion that the facts are sufficient to show that appellant, together with another, committed the offense charged in the indictment, and the judgment is accordingly affirmed.